IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JAMIESON RITTER, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE |
| CITY OF CLEVELAND, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**THE OFF-DUTY DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

The "off-duty" Defendants, City of Cleveland, Dorothy A. Todd, Dornat "Wayne" Drummond, Samuel Morris, Kevin Kincaid, Kenneth Ryan, and Brian McEntee, by and through counsel, hereby give notice of removal of this action from the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV-26-141856, to the United States District Court for the Northern District of Ohio, Eastern Division, and respectfully state as follows:

1. The Complaint by Timothy A. Boyko, Fiduciary of the Estate of Jamieson Ritter, in Case No. CV-26-141856, was filed on July 1, 2026. Summonses and the Complaint were issued on July 8, 2026, and received by Defendants no earlier than July 14, 2026. A true copy of the Complaint is attached as Exhibit A. A true copy of the state-court docket and all other process, pleadings, and orders served on Defendants is attached as Exhibit B. The exhibits constitute the materials required by 28 U.S.C. § 1446(a).

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after Defendants received the Summonses and Complaint. All named Defendants have consented to the filing of this Notice.

3. This Notice addresses subject-matter jurisdiction only. Except for procedural facts concerning filing, service, and the existence and terms of public court records, Defendants do not admit the truth of Plaintiff's allegations or of any allegations, findings, opinions, or characterizations contained in materials referenced herein. Defendants expressly reserve all defenses.

4. As explained below, this Court has original jurisdiction under 28 U.S.C. § 1443(2), 28 U.S.C. § 1331, and, as to at least the Individual Defendants, 28 U.S.C. § 1442(a)(1).

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of this Notice of Removal to the adverse party and, promptly after filing this Notice, will file a copy with the Clerk of the state court.

6. Pursuant to Local Civil Rule 3.1, Defendants identify *United States v. City of Cleveland*, No. 1:15-cv-01046, as a related case.

7. As explained below, the Complaint is an attack on the orders of this Court for which removal is appropriate under 28 U.S.C. § 1443(2) (civil rights), 28 U.S.C. § 1331(conflicts between federal and state law), and, as to at least the Individual Defendants, 28 U.S.C. § 1442(a)(1) (acting under federal law).

## BACKGROUND

### A. The Consent Decree.

8. On December 4, 2014, the United States Department of Justice ("DOJ") issued a Findings Letter stating that it had reasonable cause to believe that the Cleveland Division of Police

("CDP") engaged in a pattern or practice of excessive force. The City did not admit or agree with DOJ's findings. (Consent Decree ¶¶ 4-5, ECF No. 413-1.)

9. In 2015, the DOJ filed United States v. City of Cleveland, No. 1:15-cv-01046, and the United States and the City entered a court-approved Settlement Agreement, later amended, that is also referred to as the Consent Decree.

10. The Consent Decree expressly provides that it may not be construed as an admission or evidence of liability and that the City's entry into the Consent Decree is not an admission by the City, CDP, or their officers and employees that they engaged in unconstitutional, illegal, or otherwise improper conduct. (Consent Decree ¶ 11.)

11. The Consent Decree establishes federally supervised requirements concerning, among other matters, objectively reasonable force, de-escalation, bias-free policing, crisis intervention, training, accountability, and discipline that is fair, consistent, and compliant with due process. It expressly preserves officers' lawful authority to use objectively reasonable force and otherwise fulfill their law-enforcement obligations. (Consent Decree ¶¶ 10, 35–47, 245–49.)

12. The policies and practices at issue in the Complaint are specifically federal policies and practices that have been approved, mandated, implemented and supervised by the federal court pursuant to federal law.

13. On May 8, 2026, the Court denied the parties' Joint Motion to Terminate the Consent Decree. The Consent Decree therefore remains in effect. (Order, ECF No. 708.)

**B. Plaintiff's Allegations and the Federal Nexus**.

14. The Complaint alleges that the City and the Individual Defendants are liable under Ohio law because the federally-mandated policies, training, and disciplinary practices adopted or maintained in connection with the Consent Decree allegedly created unsafe working conditions and contributed to Officer Ritter's death. Defendants deny those allegations.

15. The Complaint also alleges that Defendants should have used different tactics, including an immediate SWAT response, and cites the removal of patrol rifles from patrol cars as evidence of an unsafe workplace. Defendants deny that those allegations establish liability.

16. The Complaint does not merely mention the Consent Decree as historical background. It treats implementation of, compliance with, or alleged failure to violate federally supervised policies as a component of Plaintiff's state-law theories.

17. The Complaint directly challenges the adequacy and effectiveness of the policies and practices mandated and implemented by the federal court. Recognizing this conflict, Defendants attempt to deny that the Consent Decree or any City policy required an unsafe tactical response, prohibited objectively reasonable force, or caused Officer Ritter's death, while at the same time putting those policies at issue.

18. For removal purposes only, the Complaint therefore establishes a direct nexus between Plaintiff's claims and Defendants' actions under, and alleged refusals to violate, an operative federal order.

**REMOVAL - 28 U.S.C. § 1443(2)**

19. Section 1443(2) authorizes removal of an action brought against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

20. The underlying federal action was brought under 42 U.S.C. § 14141, now codified at 34 U.S.C. § 12601. The Consent Decree and the Court's implementing orders include provisions specifically directed to equal protection, unlawful race discrimination, racial profiling, and bias-free policing.

21. The Complaint challenges acts undertaken by the Individual Defendants, and by the City through its officials, in developing, implementing, enforcing, and applying policies governed by the Consent Decree.

22. Courts have recognized jurisdiction under § 1443(2) when local officials are sued for carrying out a federal civil-rights decree. *See, e.g.*, *Bohlander v. Independent School District No. One of Tulsa County*, 420 F.2d 693, 694 (10th Cir. 1969).

23. The Complaint also predicates liability on alleged refusals to depart from federally supervised policies or to take actions Plaintiff contends state law required. Because the proposed actions would have conflicted with the operative federal order or the equal-rights requirements it implements, the refusal clause of § 1443(2) applies.

24. *See Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946-47 (5th Cir. 1995) (recognizing removal where challenged state-law duties could conflict with implementation of a federal consent decree).

25. This Court accordingly has jurisdiction under 28 U.S.C. § 1443(2).

**REMOVAL - 28 U.S.C. § 1331**

26. A state-law claim arises under federal law when a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

27. On the face of the Complaint, Plaintiff does not merely anticipate a federal defense. Plaintiff makes the content, operation, and alleged effects of the Consent Decree and federally supervised policies part of the asserted basis for liability.

28. The claims necessarily raise whether the challenged policies and conduct were required, authorized, or constrained by the federal order and whether state-law liability may be imposed for conduct undertaken pursuant to that order.

29. Those federal issues are actually disputed because Defendants deny that the Consent Decree required the tactical response alleged by Plaintiff, limited objectively reasonable force, or rendered the City's policies tortious.

30. The issues are substantial to the federal system because they concern the interpretation, implementation, and effect of an ongoing federal judgment entered and administered in this District.

31. Resolution in federal court will not disturb the federal-state balance because the federal issues are narrow, case-specific, and arise directly from an existing federal decree.

32. This Court therefore has jurisdiction under 28 U.S.C. § 1331.

**REMOVAL - 28 U.S.C. § 1442(a)(1)**

33. In the further alternative, at least the Individual Defendants are "persons" within the meaning of 28 U.S.C. § 1442(a)(1).

34. In carrying out the Consent Decree, the Individual Defendants assisted federal officers in implementing and administering the federal remedial order through policies, training, supervision, and operational practices subject to continuing federal review and approval.

35. Plaintiff's claims are "for or relating to" those acts because the Complaint seeks liability based on the development, enforcement, application, or alleged failure to depart from the federally supervised policies.

36. The Individual Defendants possess colorable federal defenses, including that the challenged conduct was authorized or required by an operative federal order and was consistent with federal constitutional and statutory obligations.

37. This Court therefore has jurisdiction under 28 U.S.C. § 1442(a)(1).

Respectfully submitted,

MARK GRIFFIN (0064141)
Director of Law

By: <u>s/ *Matthew Aumann*</u>
WILLIAM MENZALORA (0061136)
Chief Assistant Director of Law
MATTHEW AUMANN (0093612)
CARLI YOUNG (0095433)
BRIAN KELLY (0088365)
Assistant Directors of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
wmenzalora@clevelandohio.gov
maumann@clevelandohio.gov
cyoung2@clevelandohio.gov
bkelly@clevelandohio.gov

*Attorneys for Defendants City of Cleveland, Dorothy A. Todd, Dornat "Wayne" Drummond, Samuel Morris, Kevin Kincaid, Kenneth Ryan, and Brian McEntee*

**CERTIFICATE OF SERVICE**

I certify the above Notice of Removal of Civil Action to the United States District Court was filed electronically this August 7, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, I also served on August 7, 2026, Plaintiff's counsel by email at the following address: cbashein@basheinlaw.com.

s/ *Matthew Aumann*
MATTHEW AUMANN (0093612)
Assistant Director of Law

*One of the Attorneys for Defendants City of Cleveland, Dorothy A. Todd, Dornat "Wayne" Drummond, Samuel Morris, Kevin Kincaid, Kenneth Ryan, and Brian McEntee*