IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Timothy A. Boyko, Fiduciary of the Estate of Jamieson Ritter,<br><br>*Plaintiff*,<br><br>v.<br><br>City of Cleveland, *et al.*<br><br>*Defendants*. | Case No. 1:26-CV-01859<br><br>Judge Solomon Oliver, Jr.<br><br>**Plaintiff Boyko's motion for remand and award of attorney fees** |

## MOTION

Plaintiff Timothy A. Boyko, Fiduciary for the Estate of Jamieson Ritter, requests that this Court remand this action back to the Cuyahoga County Court of Common Pleas for lack of federal jurisdiction with an award of legal fees in accordance with 28 U.S.C. § 1447(c). A memorandum in support of this request follows.

Respectfully Submitted,

/s/ W. Craig Bashein
W. Craig Bashein (0034591)
Thomas J. Sheehan (0069601)
BASHEIN & BASHEIN CO., LPA
216.771.3239
50 Public Square, Suite 3500
Cleveland, Ohio 44113
cbashein@basheinlaw.com
tjs@basheinlaw.com

/s/ Paul W. Flowers
Paul W. Flowers (0046625)
Joseph Shell (0099625)
FLOWERS & GRUBE
216.344.9393
50 Public Square, Suite 4000
Cleveland, Ohio 44113
pwf@pwfco.com
js@pwfco.com

*Counsel for Plaintiff Timothy Boyko*

# MEMORANDUM

## 1. Background

This state-law, wrongful-death, survivorship, statutory, and common-law action arises out of the fatal shooting of a Cleveland Police Officer, Jamieson Ritter ("Decedent"), on the morning of July 4, 2024. He had been ordered, along with other patrol officers, to attempt to confront and apprehend a violent fugitive who was wanted for murdering his grandmother. Complaint, Ex. A to R. 1 at ¶ 16–32, PageID#:16–22. The fugitive was known to be armed at the time and was barricaded inside a residence. *Id.* The patrolmen were not trained or equipped to safely encounter and detain this fugitive. *Id.* at ¶ 22, 30, 52–53, 59, PageID#:18, 21, 28, 30. Several general police orders, policies, and procedures required Defendants Dorothy A. Todd, Dornat "Wayne" A. Drummond, Kevin Walker, Samuel Morris, Kevin Kincaid, Kenneth Ryan, Brian McEntee, and Andria Cabaniss to promptly notify and dispatch S.W.A.T. and other tactical units to the scene. Per those same policies and procedures, the individual defendants were to establish a perimeter to avoid escalating the situation or any use of force by the suspect or the police. *Id.* at ¶ 15, 20, 22, 29–30, 33, PageID#:16, 17–18, 21–22.

Boyko's complaint alleges that Defendants' deliberate and blatant violation of the Cleveland Police Department's general orders, directives, policies, and procedures directly and proximately caused Ritter's death. *Id.* at ¶ 15, 33, 51, 54, 71, PageID#:16, 22, 27, 29, 33. The City of Cleveland is a municipality subject to Ohio state law. *See generally* Ohio Rev. Code Ch. 703. Per the City's ordinances, it is required to maintain, control, and supervise a police force. *See* Cleveland Codified Ordinances § 115, 116; *see also* Ohio Rev. Code § 715.05 (permitting municipalities to "organize and maintain police . . . departments"). At the time of the Decedent's death on July 4, 2024, the Cleveland Police Department was subject to a judicially approved Consent Decree arising from a settlement agreement between the United States Department of Justice and De-

fendant the City of Cleveland and which resulted in the promulgation of various directive and procedures and the implementation of certain training measures. *Id.* at ¶ 14, PageID#:16.

Boyko filed his complaint against Defendants on July 1, 2026, in the Cuyahoga County Court of Common Pleas. *Id.*, PageID#:10–12. He raised separate claims strictly under Ohio law for wrongful death (Count One), statutory intentional tort under Ohio Rev. Code § 2745.01 (Count Two), survivorship (Count Three), spoliation of evidence and obstruction (Count Four), civil liability for criminal acts under Ohio Rev. Code § 2307.60 (Count Five), and intentional infliction of emotional distress (Count Six). *Id.* at ¶ 48–94, PageID#:27–38. None of Boyko's six causes of action, however, are based on the interpretation of that consent decree or its effect. Rather, each cause of action arises solely from Ohio statutes, Ohio common law, and Defendants' deliberate violations of their own general orders, directives, policies, and procedures. *Id.* at ¶ 15, 33, 48–94, PageID#:16, 22, 27–38.

On August 7, 2026, all of the defendants except for Walker and Cabaniss removed this action on the basis of federal jurisdiction under 28 U.S.C. § 1331 (federal question), § 1442 (federal officers and agencies), and § 1443 (federal civil rights enforcement). Notice of Removal, R. 1, PageID#:1–2. Because all these grounds for removal are baseless, Boyko now seeks a remand to the Cuyahoga County Court of Common Pleas.

## 2. Standards

It is firmly established that "the removal statutes are to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993); *see also Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000). All doubts must be resolved in favor of a remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Allen v. Christenberry*, 327 F.3d 1290, 1293

(11th Cir. 2003). This policy safeguards the constitutionally sanctioned respect due to state governments. *Healy v. Ratta*, 292 U.S. 263, 270 (1934); *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1075 (E.D. Wis. 1993) ("[T]he removal of civil cases to federal court is a serious infringement upon state sovereignty and should not be allowed without '[d]ue regard for the rightful independence of state governments[].'" (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941))).

The party seeking to litigate in federal court bears the ultimate burden of proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994). This is a fact-bound inquiry:

> When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir. 1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."

*Callahan v. Callahan*, 247 F. Supp. 2d 935, 939 (S.D. Ohio 2002) (quoting *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)); *see also Scaccia v. Lemmie*, 236 F.Supp.2d 830, 834–35 (S.D. Ohio 2002).

## 3. Analysis

### 3.1 The distortion of the complaint

Evidently eager to avoid the Cuyahoga County Court of Common Pleas, where the City of Cleveland's attorneys routinely handle cases on a daily basis, the moving Defendants have seriously mischaracterized the allegations in Boyko's state-law complaint, all of which arise solely under Ohio statutes and Ohio common law. Contrary to

Defendants' representations, Boyko's complaint contains no allegations that "the federally mandated policies, training, and disciplinary practices adopted or maintained in connection with the Consent Decree allegedly created unsafe working conditions and contributed to Officer Ritter's death." *See* Notice of Removal, R. 1 at ¶ 14, PageID#:3. Nor does the complaint "directly challenge[] the adequacy and effectiveness of the policies and practices mandated and implemented by the federal court." *Id.* at ¶ 17, PageID#:4. Defendants included no citations to where any such allegations can be found in Boykin's ninety-four-paragraph complaint—because none exist. *See id.*

An objective review of the complaint reveals that the Consent Decree is referenced only four times. Complaint, Ex. A to R. 1, Notice of Removal, at ¶ 14, 43, PageID#:16, 25–26. As reflected in the previously quoted language, Boyko contends that Defendants **failed to comply** with their own general orders, directives, policies, and procedures. Boyko alleges that those rules were binding on the named defendants at all times relevant to his state-law action. *See id.* at ¶ 15, PageID#:16. He further states that after the City's Office of Professional Standards (OPS) attempted to investigate some of the named defendants' conduct that contributed to the Decedent's death, OPS was shut down to prevent that inquiry, leading to the spoliation of relevant and probative evidence.[1] *Id.* at ¶ 82, PageID#:35.

And the complaint further states that, prior to his death, the Decedent had made multiple complaints to the OPS in accordance with mechanisms created by the Consent Decree. *Id.* at ¶ 43, PageID#:25–26. One of the members of the OPS had been familiar with the applicable orders and rules, including the Consent Decree, that required de-escalation and the assistance of the S.W.A.T. Team during incidents involving armed, barricaded suspects. *Id.* That is all.

[1] OPS is an independent City agency with a duty to investigate complaints of officer misconduct "[w]ithout interference from the Chief of Police." *See* Cleveland Codified Ordinances § 115-4.

### 3.2 The absence of federal jurisdiction

Because Boyko's complaint raises no federal claims, federal jurisdiction is unavailable under 28 U.S.C. § 1331. *See* Notice of Removal, R. 1, PageID#:5–6. To support removal, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10–11 (1983) (citing *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109 (1936)). None of the causes of action raised in Boyko's complaint contain any elements based upon a federal right or immunity, let alone an essential one.

Generally, federal-question jurisdiction under 28 U.S.C. § 1331 is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Neither a federal defense nor a defendant's counterclaim premised upon federal law may substitute for plaintiff's choice of state-law claims and a state-court forum. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–832 (2002).

Nor can the removal authority established for federal officers and agencies set forth in 28 U.S.C. § 1442 be established in this instance. Notice of Removal, R. 1, PageID#:6–7. As Boyko has alleged, each of the individual Defendants is an official, officer, or employee of the City of Cleveland. Complaint, Ex. A to R. 1 at ¶ 3–10; PageID#:13–14. Under § 1442, subsection (a)(1) plainly confines the right to removal to federal officers and officials and does not reach those who are employed by municipalities. There are no allegations in the complaint, and the moving Defendants will never be able to show, that they were acting under the direction of some federal officer

at the time the Decedent and his fellow patrolmen were commanded to physically apprehend an armed and dangerous fugitive wanted for murdering his grandmother. And that certainly was not a mandate of the Consent Decree. Federal removal authority therefore cannot be established on this basis. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007) ("A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'"); *Att'y Gen. of N.J. v. Dow Chem. Co.*, 140 F.4th 115, (3rd Cir. 2025) (following *Watson* and holding that an actual effort to assist with or help carry out a federal officer's duties is necessary under the statute); *Massachusetts v. Exxon Mobil Corp.*, 462 F.Supp.3d 31, 46–47 (D. Mass. 2020) (rejecting the defendants' "overreading" of the complaint to secure removal); *Glenn v. Tyson Foods, Inc.*, 40 F.4th 230, 234 (5th Cir. 2022) ("It is not enough [to show a party was acting under a federal officer's directions] for a private party to be 'simply complying with the law.'").

For this same reason, the moving Defendants' resort to the removal authority reserved for civil rights cases is to no avail. Notice of Removal, R. 1 at ¶ 19–25; PageID#:4–5. None of the moving Defendants qualify as a "person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" or "within the jurisdiction thereof," as necessary under 28 U.S.C. § 1443(1). Nor are there any allegations that they committed "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," as required by subsection (2). Not only is the consent decree not a "law providing for equal rights," but there are also no allegations that any of the moving Defendants were attempting to enforce or further its terms. Quite the opposite. Boyko's complaint repeatedly alleges that the Defendants **violated** the controlling directives which led all too predictably to the shooting of an officer. Complaint, Ex. A to R. 1, Notice of Removal, at ¶ 15, 23, 27, 33, 34, 40, 42, 51, 53, 67, 88, PageID#:16, 18–20, 22, 24–25, 27–28, 32,

37. Removal thus cannot be predicated on this final basis. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

### 3.3 Defendants' inapposite authorities

The moving Defendants' cited authorities do not support their ill-conceived effort to cajole federal jurisdiction in this case. In *Bohlander v. Independent School District No. One of Tulsa County, Oklahoma*, 420 F.2d 693 (10th Dist. 1969), the state-court action had been brought specifically to **enjoin** a school board **from complying** with a plan to eliminate racial discrimination that had been approved by a federal court in an earlier action brought by the U.S. Attorney General. That is the exact opposite of the situation here. Boyko is seeking damages for the Defendants' **failure to comply** with an assortment of rules, orders, and policies, including some that were implemented as a result of the Consent Decree. In no sense is an attempt being made to interfere with anyone's ability to follow or enforce that agreement.

The moving Defendants' reliance upon *Alonzo v. City of Corpus Christi*, 68 F.3d 944 (5th Cir. 1995), is even more far-fetched. In that instance, the state-court lawsuit had been brought against the City seeking enforcement of the Texas Equal Rights Amendment in connection with its election process. *Id.* at 946. The plaintiffs' theory was that this Texas law required a system of voting that differed from that which had been approved by a federal court as part of a consent decree with the City. *Id*. Removal to federal court was sought through 28 U.S.C. § 1443(2)'s "refusal clause," which requires a demonstration of "a colorable conflict between state and federal law leading to [the defendant's] refusal to follow plaintiff's interpretation of state law because of a good faith belief that to do so would violate federal law." *Alonzo*, 68 F.3d at 946 (quoting *White v. Wellington*, 627 F.2d 582, 587 (2d Cir. 1980)). An actual conflict existed in *Alonzo* because the City was citing the federal consent decree for refusing to comport with the plaintiffs' view of the Texas Equal Rights Amendment. *Id*. at 946.

That is far from the case here, as the laws, general orders, directives, policies, and procedures Boyko relies on are all binding on the named defendants, independent of the Consent Decree's language. Each of these local and state requirements are entirely consistent with the Consent Decree. Indeed, the Consent Decree expressly prohibits any third party from attempting to enforce or rely upon the language of that agreement:

> This Agreement is enforceable only by the Parties. No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action. Accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement.

Settlement Agreement, *United States v. City of Cleveland*, No. 1:15-cv-01046, Doc. 413-1 at ¶ 403, PageID#:8669 (N.D. Ohio Mar. 11, 2022). The moving Defendants cannot possibly establish that they are refusing to comply with some state law on the basis of a conflicting federal law, and thus *Alonzo* is of no help to them.

### 3.4 The appropriateness of an award of legal fees

In the end, it is evident that the Notice of Removal is pure nonsense. Neither Boyko's counsel nor this Court should have been forced to devote time and attention to establishing the obvious: this purely state-law action belongs in state court. If ever there was a case deserving of a complete recovery of attorney fees in accordance with 28 U.S.C. § 1447(c), this is it. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007); *J.L. McGuire & Assocs. v. Innovative Ceramics, Inc.*, 63 F. Supp. 2d 841, 843 (N.D. Ohio 1999); *Kendell v. Pamesa*, No. 2:15-CV-3107, 2016 WL 537797, at *2 (S.D. Ohio Feb. 11, 2016) (Mag. Dec.) ("Attorneys' fees are routinely awarded by District Courts in this circuit when removal occurs in violation of § 1441(b)(2)."). Boyko's counsel can submit their time entries at the appropriate time for this Court's consideration.

## CONCLUSION

Because no basis for federal jurisdiction exists in this state-law action, a remand should be ordered to the Cuyahoga County Court of Common Pleas with an award of attorney fees in accordance with 28 U.S.C. § 1447(c).

Respectfully submitted,

*/s/ W. Craig Bashein*
W. Craig Bashein (0034591)
Thomas J. Sheehan (0069601)
BASHEIN & BASHEIN CO., LPA

*/s/ Paul W. Flowers*
Paul W. Flowers (0046625)
Joseph Shell (0099625)
FLOWERS & GRUBE

*Counsel for Plaintiff Timothy Boyko*

## CERTIFICATE OF PAGE LIMITATIONS

In accordance with Loc. R. 7.1(f), I certify that this action will likely be assigned to the regular track and that this filing complies with the Court's page limitations.

*/s/Paul W. Flowers*
Paul W. Flowers (0091337)
FLOWERS & GRUBE

*Counsel for Plaintiff Timothy Boyko*

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, the foregoing **Motion** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Paul W. Flowers*
Paul W. Flowers (0091337)
FLOWERS & GRUBE

*Counsel for Plaintiff Timothy Boyko*